

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00233-CR

_____

TRAVIS SHANE BROWN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 3
Dallas County, Texas
Trial Court No. F-1418343-J

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

## MEMORANDUM OPINION

In the hopes of receiving community supervision, Travis Shane Brown entered an open plea of guilty to the offense of assault on a public servant. After receiving his oral and written judicial confession to the crime, the trial court accepted Brown's plea and sentenced him to five years' imprisonment. Brown appeals.[1]

On appeal, Brown's attorney has filed a brief which discusses the record and reviews the proceedings in detail. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 23, 2015, counsel mailed to Brown a copy of the brief, the appellate record, and the motion to withdraw. By letter, counsel informed Brown of his right to review the record and file a pro se response. She also explained that Brown could request an extension of time to file the pro se response, if needed. On January 26, 2015, this Court informed Brown that his pro se brief was due on or before February 26, 2015. To date, Brown has neither filed a pro se response, nor requested an extension of time in which to do so.

---

[1]Originally appealed to the Fifth Court of Appeals in Dallas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). We follow the precedent of the Fifth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's and the reporter's records, and we agree that no arguable issues support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

We affirm the trial court's judgment.[2]

Ralph K. Burgess
Justice

Date Submitted:    March 30, 2015
Date Decided:    April 21, 2015

Do Not Publish

---

[2]Since we agree this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.